FULVIO F. CAJINA (Bar No. 289126)
LAW OFFICE OF FULVIO F. CAJINA
528 Grand Avenue
Oakland, CA 94610
Telephone: (415) 601-0779
Facsimile: (510) 225-2636
Email: fulvio@cajinalaw.com

Attorneys for Plaintiff DAFNE ALEJANDRA RUIZ RAMIREZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAFNE ALEJANDRA RUIZ RAMIREZ;<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF FAIRFIELD, OFFICER DOE #1, OFFICER DOE #2, OFFICER DOE #3, OFFICER DOE #4, and SUPERVISORY OFFICER DOE #5;<br><br>        Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983<br>2. Violation of Plaintiff's First Amendment Rights 42 U.S.C §1983<br>3. Failure to Intervene<br>4. *Monell* Liability<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff DAFNE ALEJANDRA RUIZ RAMIREZ, demanding a jury trial, brings this action against Defendants CITY OF FAIRFIELD, OFFICER DOE #1, OFFICER DOE #2, OFFICER DOE #3, OFFICER DOE #4, and SUPERVISORY OFFICER DOE #5, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

///

///

### I.  <u>PARTIES</u>

1.  Plaintiff DAFNE ALEJANDRA RUIZ RAMIREZ was, at all times relevant to this complaint, living in Napa County.

2.  Defendant CITY OF FAIRFIELD is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California, and is a municipality located within the Eastern District of California.

3.  Defendant OFFICER DOE #1, was employed as a police officer for the City of Fairfield at the time of the incident in question. This Defendant is being sued in his individual capacity.

4.  Defendant OFFICER DOE #2, was employed as a police officer for the City of Fairfield at the time of the incident in question. This Defendant is being sued in his individual capacity.

5.  Defendant OFFICER DOE #3, was employed as a police officer for the City of Fairfield at the time of the incident in question. This Defendant is being sued in his individual capacity.

6.  Defendant OFFICER DOE #4, was employed as a police officer for the City of Fairfield at the time of the incident in question. This Defendant is being sued in his individual capacity.

7.  Defendant SUPERVISORY OFFICER DOE #5, was employed as a supervisory police officer for the City of Fairfield at the time of the incident in question and had supervisory authority over OFFICER DOES #1-4. This Defendant is being sued in his individual capacity and official capacity.

8.  All defendants acted under the color of law as it pertains to this complaint.

### II. <u>JURISDICTION AND VENUE</u>

9.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the First and Fourth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

2

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of Fairfield which is located in the Eastern District of California.

### III. STATEMENT OF FACTS

11. On March 22, 2024, Plaintiff RAMIREZ attended a protest organized by teachers and childcare providers outside Travis Air Force Base but within the jurisdiction of the CITY OF FAIRFIELD. Plaintiff RAMIREZ and her group were outside the base to protest arm shipments to Israel which, in turn, were being utilized in an offensive in Gaza that was killing thousands of school-aged children. The protesters arrived outside the base in the early morning and were assembled on Air Base Parkway. The protesters, mostly women, were carrying signs, a bullhorn, and were peaceful.

12. At approximately 7:00 AM, several protesters peacefully blocked the roadway leading to Travis Air Force Base. According to a Defendant CITY OF FAIRFIELD Facebook post, "members of the group entered the crosswalk," where they blocked traffic for "approximately 5 minutes."

13. However, Plaintiff RAMIREZ was not one of the protesters standing in the roadway. Instead, Plaintiff RAMIREZ stayed on the sidewalk while holding a protest banner.

14. Without warning to the protesters, much less to Plaintiff, Defendants OFFICERS DOES #1-4, at the behest from Defendant SUPERVISORY OFFICER DOE #5, went hands on with the protesters. Specifically, Defendant OFFICER DOE #1 targeted Plaintiff, who was not in the street or blocking traffic, and pulled her from the sidewalk onto the roadway and proceeded to violently throw her to the ground, causing her to suffer serious bodily injuries, including lacerations. Defendant OFFICERS DOES #2, 3 and 4 proceeded to join OFFICER DOE #1 in pinning Plaintiff to ground, with her face pressed against the asphalt, while handcuffing her.

Plaintiff did not resist in any way, nor could she have given that Plaintiff was, and continues to be, disabled. More importantly, Plaintiff had not committed any crime and was in fact ultimately not charged with any crime by the District Attorney's Office. Plaintiff was only peacefully exercising her First Amendment Right to protest government actions.

15. In all, Defendant CITY OF FAIRFIELD officers violently arrested eleven (11) protesters, mostly women, and inflicted lacerations, concussions, and other injuries on peaceful protesters exercising their First Amendment Rights.

16. Upon information and belief, Defendants engaged in the above actions for the purpose of chilling/denying the protesters', including Plaintiff's, their First Amendment Rights. Specifically, Defendants arrested Plaintiff without justification for exercising her First Amendment Right to protest the actions of the U.S. military and nothing more (i.e., in retaliation for engaging in protected activity). The Defendants' actions were done also in violation of the protesters', including Plaintiff's, Fourth Amendment Rights to be free from unreasonable searches and seizures and to be free from excessive force and unlawful arrest.

17. Furthermore, at all times relevant hereto, Plaintiff was disabled, as that term is defined and understood under the American's with Disabilities Act.

### IV. CAUSES OF ACTION
### FIRST CLAIM
**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 – As to Defendant OFFICERS DOES #1-4)**

18. Plaintiff incorporates herein by reference the preceding paragraphs 1-17 of this complaint as fully set forth herein.

19. Defendant OFFICER DOE #1 used unreasonable and excessive force on Plaintiff by violently arresting her, including grabbing her, pushing her onto the street, and tackling her onto the ground with such force that she suffered injuries to her body.

20. Defendant OFFICERS DOES #1-4 further violated Plaintiff's rights, both directly and as

4

integral participants, by unlawfully arresting Plaintiff and handcuffing her without probable cause.

21. At all times relevant hereto, (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to any of the Defendants or bystanders; (iii) Plaintiff was not attempting to flee or evade arrest, (iv) Plaintiff did not engage in any active resistance, and (v) Plaintiff had not committed any crime.

22. At all times relevant hereto, Plaintiff was only engaged in the peaceful and lawful exercise of her First Amendment Rights to protest government action while standing on a sidewalk within the CITY OF FAIRFIELD.

23. Defendants' actions violated Plaintiff's constitutional rights and were a proximate and direct cause of Plaintiff's injuries.

24. Defendant OFFICERS DOES #1-4's actions, as alleged herein, were intended to cause injury to Plaintiff and were done with a conscious disregard of Plaintiff's rights and safety and thus constitute malice, entitling Plaintiff to recover punitive damages from Defendants.

**SECOND CLAIM**
**(Violation of Plaintiff's First Amendment Rights 42 U.S.C §1983 – As to Defendant OFFICERS DOES #1-4 and SUPERVISORY OFFICER #5)**

25. Plaintiff incorporates herein by reference the preceding paragraphs 1-24 of this complaint as fully set forth herein.

26. At all times relevant hereto, Plaintiff was engaged in the peaceful and lawful exercise of her First Amendment Rights to protest government action while standing on a sidewalk within the CITY OF FAIRFIELD.

27. Defendants OFFICER DOES #1-4 and SUPERVISORY OFFICER DOE #5 were aware that Plaintiff was engaged in constitutionally protected activity. At the behest of Defendant SUPERVISORY OFFICER DOE #5, CITY OF FAIRFIELD officers were authorized to unlawfully arrest Plaintiff including through the use of unreasonable and excessive force.

Defendant OFFICER DOE #1 grabbed Plaintiff, pushed her onto the street, and tackled her onto the ground with such force that she suffered injuries to her body. Defendant OFFICERS DOES #1-4 further violated Plaintiff's rights, both directly and as integral participants, by unlawfully arresting Plaintiff and handcuffing her without probable cause.

28. Defendants' actions against Plaintiff would chill a person of ordinary firmness from continuing to engage in the above protected activity; and

29. Plaintiff's exercise of her First Amendment Rights was a substantial or motivating factor in the Defendant OFFICER DOES #1-4 and SUPERVISORY OFFICER DOE #5's conduct.

30. At all times relevant hereto, Plaintiff was only engaged in the peaceful and lawful exercise of her First Amendment Rights to protest government action while standing on a sidewalk within the CITY OF FAIRFIELD.

31. Defendants' actions violated Plaintiff's constitutional rights and were a proximate and direct cause of Plaintiff's injuries.

32. Defendant OFFICERS DOES #1-4's actions, as alleged herein, were intended to cause injury to Plaintiff and to chill her right to free speech and were done with a conscious disregard of Plaintiff's rights and safety and thus constitute malice, entitling Plaintiff to recover punitive damages from Defendants.

**THIRD CLAIM**
(**Failure to Intervene As to Defendant OFFICERS DOES #1-4 and SUPERVISORY OFFICER #5**)

33. Plaintiff incorporates herein by reference the preceding paragraphs 1-32 of this complaint as fully set forth herein.

34. At all times relevant hereto, Defendants OFFICERS DOES #2-4 and SUPERVISORY OFFICER DOE #5 had a constitutional duty to intervene when OFFICER DOE #1 was violating a person's constitutional rights.

35. At all times relevant hereto, Defendants OFFICERS DOES #2-4 and

6

SUPERVISORY OFFICER DOE #5 failed to intervene to stop the excessive force described above from being used on the Plaintiff by OFFICER DOE #1. At all times relevant hereto, Defendants OFFICERS DOES #2-4 and SUPERVISORY OFFICER DOE #5 failed to intervene to prevent Plaintiff from being unlawfully arrested.

36.     At all times relevant hereto, Defendants OFFICERS DOES #1-4 and SUPERVISORY OFFICER DOE #5 were aware of the need to intervene to prevent Plaintiff's constitutional rights from being violated and had an opportunity to intervene, but failed to do so.

37.     As a direct and proximate cause of the Defendants' failure to intervene, Plaintiff was violently arrested and handcuffed and suffered the damages alleged above.

**FOURTH CLAIM**
(*Monell* Liability)

38. Plaintiff incorporates herein by reference the preceding paragraphs 1-37 of this complaint as fully set forth herein.

39.     At all times relevant hereto, Defendant SUPERVISORY OFFICER DOE #5 had supervisory control of the scene and was overseeing OFFICERS DOES #1-4 and others. Defendant SUPERVISORY OFFICER DOE #5 was acting under color of law.

40.     Defendant SUPERVISORY OFFICER DOE #5's acts and failure to acts regarding OFFICERS DOES #1-4 deprived Plaintiff of her constitutional rights under the First and Fourth Amendments as described above.

41.     Specifically, Defendant SUPERVISORY OFFICER DOE #5 (i) directed subordinate Defendant OFFICERS DOES #1-4 to violated Plaintiff's rights, (ii) was aware that such subordinate officers were violating Plaintiff's rights, (iii) failed to act to prevent the subordinate officers from engaging in such conduct, and (iv) engaged in conduct that showed a reckless and/or callous indifference to the deprivation by the subordinates of the rights of others.

42.     Defendant SUPERVISORY OFFICER DOE #5's conduct was so closely related to

7

the deprivation of Plaintiff's rights as to be the moving force that caused her injuries.

43.      Finally, all individual and supervisory Defendants acted pursuant to a longstanding practice and custom of the Defendant CITY OF FAIRFIELD to use heavy-handed measures to quell/chill any protests, including peaceful ones, directed at the Travis Air Force Base, which military installation brings much revenue to the CITY OF FAIRFIELD.

44.      Defendant CITY OF FAIRFIELD's longstanding practice and/or custom of using such heavy-handed measures to quell/chill peaceful protester's rights to free speech caused the deprivation of Plaintiff's rights by Defendant OFFICERS DOES #1-4. That is, Defendant CITY OF FAIRFIELD's longstanding practice and/or custom was so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused her injuries.

## V. PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiff demands a jury trial in this action.

LAW OFFICE OF FULVIO F. CAJINA

Dated: March 22, 2026

_____ */s/ Fulvio F. Cajina* _____
FULVIO F. CAJINA
Attorney for Plaintiff

8